**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| Shao C. Hu | § | CASE NO.  14-36673 |
| | § | CHAPTER 13 |
| | § | |
| **DEBTOR** | § | |

**GRYN CORPORATION'S MOTION TO REVOKE DEBTOR'S**
**CONFIRMATION ORDER PURSUANT TO 11 U.S.C. §1330**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THEDISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE ANDSEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

        **COMES NOW**, GRYN Corporation PTE LTD ("GRYN"), Creditor, and files this *Motion to Revoke Debtor's Confirmation Order (Docket #29),* and respectfully shows the Court as follows:

1.      On November 18, 2014, GRYN obtained a judgment against the Debtor in the amount of

$255,658.03 at 5.00% interest per annum from December 1, 2010.  *See Exhibit A*

2.      On December 1, 2014, Debtor filed his Chapter 13 Bankruptcy.

3.      On December 1, 2014, Debtor filed his mailing matrix with the Court.  GRYN was not listed in the Debtor's mailing matrix.  *See Exhibit B*

4.      On December 12, 2014, Debtor filed his original schedules and again did not disclose GRYN as a creditor.  *Exhibit C*

5.      Debtor's Schedule F disclosed a total of $16,222.00 of unsecured creditors.

6.      GRYN has reason to believe there are additional inaccuracies and non-disclosures on Debtor's schedule of assets.

    a)  GRYN has reason to believe that Debtor's interest in Globe Medical Tech, Inc. may be worth more than the $1.00 disclosed in Debtor's Schedule B.

    b)  Debtor has an ownership interest in OX Med Tech, Inc. and has not disclosed his interest in Schedule B or in his Statement of Financial Affairs.

7.      On February 10, 2015 Debtor's chapter 13 plan was confirmed.  *Exhibit D*

8.      On February 24, 2015, two weeks **after** Debtor's confirmation order was entered, Debtor amended his Schedule F and disclosed GRYN as a creditor.  However, Debtor marked the debt as "Notice Only".

9.      On February 24, 2015 at 5:14 pm, Debtor's counsel gave GRYN notice of the bankruptcy filing.  The faxed letter states "you will receive additional notice from the court setting forth important deadlines".  The letter never alerted anyone to the fact that a confirmation hearing had passed and a confirmation order was entered two weeks prior.  *See Exhibit E*

10.     Pursuant to 11 U.S.C. §1330, GRYN requests this court to revoke the Confirmation Order entered in the Debtor's case (Docket #29).

11.     GRYN believes the Confirmation Order was procured by fraud.  The following facts support a finding of fraud:

    a.  Debtor filed this bankruptcy case two weeks after a judgment was entered against him and did not disclose the judgment creditor in his mailing matrix of creditors.

b.  Two weeks later, Debtor filed his Schedule F and did not disclose GRYN.

c.  Debtor has a judgment against him for 255,658.03, yet disclosed a total of $16,222.00 of unsecured debt.

d.  The Chapter 13 trustee was not made aware of the judgment.

e.  Two weeks after debtor's Chapter 13 plan was confirmed, Debtor amended his Schedule F to list GRYN. However, Debtor marked this debt as "notice only" and provided no dollar amount in Schedule F.

f.  Debtor conveniently gives notice of the bankruptcy filing to GRYN after 14 days passed from the entry of the confirmation order.  In fact, notice was given at the end of the business day on the 14th day, which made it practically impossible for GRYN to hire a bankruptcy lawyer and file a Motion to Vacate the confirmation order by the end of the day.

g.  Until the Debtor has made full disclosure of his assets, it is impossible to know whether he complied with 11 U.S.C. §1325 when his plan was confirmed.  Assuming there is value in his undisclosed non-exempt assets, then there would have been fraud committed on the Court by confirming a Chapter 13 plan that did not provide in full for his creditors.

12.    Pursuant to 11 U.S.C. §1330, GRYN requests this Court to vacate the Confirmation Order and to fix a time certain in which the Debtor shall modify his chapter 13 plan.  In the event the Debtor refuses to modify his Chapter 13 plan, GRYN requests this Court to dismiss the Debtor's Chapter 13 bankruptcy case with prejudice so that GRYN can pursue its state court remedies.

**WHEREFORE,** Debtor requests this Court to enter an order vacating the Debtor's Confirmed Chapter 13 plan, to set a fixed time in which the Debtor shall modify his Chapter 13 plan, and to dismiss the Debtor's Chapter 13 case with prejudice if the debtor refuses to modify,

and to grant such other and further relief, at law or in equity, to which GRYN Corporation PTE LTD may be justly entitled.

Respectfully submitted,

By:  */s/Miriam Goott*

Miriam Goott
SBN #24048846
ATTORNEY FOR DEBTOR

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and correct copy of the foregoing *Motion To Revoke* was served upon the entities on the attached list by U.S. first class mail, postage prepaid or by electronic transmission, on March 6, 2015.

 */s/Miriam Goott*
Miriam Goott